FILED 06 JUN '11 13:02 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| DENNIS GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-6330-HO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STATE OF OREGON (Department of Employment), and TRACY MARIE MARTINEAU, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Dennis Green, brings this action for money damages asserting claims of wrongful discharge, intentional infliction of emotional distress, age discrimination, violation of free speech rights, and breach of contract. Defendants move to dismiss.

Plaintiff's response is unclear, but he appears to concede the age discrimination claim and that the state law claims should be brought in state court. See Response (#18) at p. 2 (there is applicable case law which indicates that Congress' effort to pass legislation which could avoid Eleventh Amendment immunity as to age

discrimination is invalid) and p. 5 (plaintiff leaves to the court's discretion the state law claims).

The Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction. See <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234, 105 S.Ct. 3142, 3145 (1985); <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 98-99, 102, 104 S.Ct. 900, 906-07, 909, 79 L.Ed.2d 67 (1984).  Federal court supplemental jurisdiction over related state claims does not override the Eleventh Amendment. <u>Pennhurst</u>, 465 U.S. at 121.  Moreover, an action for money damages against a state official is also considered to be a suit against the state, and thus barred by the Eleventh Amendment, if "the state is the real, substantial party in interest," or if judgment is sought against the public treasury. <u>Id</u>. at 101.  Accordingly, plaintiff's state law claims (as well as the federal age discrimination claim) are barred by the Eleventh Amendment because the State of Oregon has not waived its immunity.

Plaintiff does assert that his First Amendment claim, brought under 42 U.S.C. § 1983, should survive the motion to dismiss.

Section 1983 creates a federal cause of action against "[e]very <u>person</u> who causes [another] to be subjected . . . to the deprivation of any [federal] rights . . . ." (Emphasis added).  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Michigan</u>

2 - ORDER

<u>Dept. of State Police</u>, 491 U.S. 58, 71 (1989). Accordingly, plaintiff's First Amendment claim must also be dismissed.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#14) is granted and this action is dismissed.

DATED this  6th  day of June, 2011.

*/s/ Michael R. Hogan*
United States District Judge

3 - ORDER